**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-03076-RM

CARROLL GARVIN and GAIL GARVIN,

    Plaintiffs,

v.

JAMES G. KREUTZER, and
WILDCAT PROPERTIES, LLC,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiffs Carroll Garvin and Gail Garvin's ("Garvins") objection to Defendants James G. Kreutzer and Wildcat Properties, LLC's notice of removal (ECF No. 2) and Motion for Remand. (ECF No. 8.)

For the reasons stated below, the Court SUSTAINS Plaintiffs' objection and GRANTS Plaintiffs' Motion for Remand.

Pursuant to 28 U.S.C. § 1446, Defendants filed their notice of removal. (ECF No. 2.) Defendants removed this case based upon diversity jurisdiction. (ECF No. 2 ¶ 1.) Under 28 U.S.C. § 1332(a), there are two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties. Under 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy of

1

the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

Plaintiffs do not contest that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy exceeds $75,000.  (*See* ECF Nos. 3 ¶¶ 1-3; 8.)  Therefore, the only question before the Court is whether Defendants' Notice of Removal (ECF No. 2) was filed timely.

Under Section 1446(b), the thirty-day clock to remove a case from state court to federal court starts running once a defendant has "sufficient notice that the amount in controversy exceed[s] the jurisdictional minimum." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Id*. at 1077 (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).  Moreover, the thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is not a jurisdictional requirement, "but it is a procedural requirement that is strictly enforced*.*"  *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1343 (D. Kan. 1997); *see also Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (holding that "federal removal jurisdiction is statutory in nature, it is strictly construed . . . all doubts are to be resolved against removal")).

Defendant Kruetzer argues that his removal is timely in accordance with the "other paper" requirement of 28 U.S.C. § 1446(b)(3) because Defendant did not know that Plaintiff could actually obtain a monetary judgment against him. (ECF No. 11 at 1.) The Court disagrees.

Defendants were served with the Summons and Complaint in this matter on March 7, 2014. (ECF No. 8-1 at 5-8.) The Summons to Plaintiffs' Complaint states

> If you fail to file your answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice to you.

(ECF No. 8-1 at 1-4.) Plaintiffs' Complaint alleges that Defendants' conduct breached a contract between the parties and that as a result, Defendants owe Plaintiffs the "principal balance of $550,000.00, plus default interest at the rate of 18% per annum, late fees (calculated at 5% of the bi-monthly payments not paid), and attorney's fees and costs." (ECF No. 3 ¶ 14.)

Based on the forgoing, from the inception of this action, Defendants had substantial reason to know that the amount in controversy exceeds $75,000.00. Despite this state of affairs, Defendants inexplicably waited approximately eight months (until November 14, 2014) to serve its Notice of Removal.

In state court, Defendants filed a yet-to-be-ruled upon motion to dismiss the state court action. While Defendants were obviously free to make this tactical decision, at this juncture of the proceedings, Defendants must live with the consequences of that decision.

Therefore, the Court concludes that Defendants' Notice of Removal (ECF No. 2) is untimely and remand of this case to State Court is appropriate. *See Huffman*, 194 F.3d at 1077; *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) ("[U]ntimely removal [is] precisely the type of removal defect contemplated by § 1447(c).").

Based on the foregoing, the Court:

(1)     GRANTS Plaintiffs' Motion for Remand (ECF No. 8), to wit, the Court:

(i) Pursuant to 28 U.S.C. § 1447(c), REMANDS the case to the District Court for La Plata County, Colorado, where it was originally filed as Case Number 14 CV 030045, and ORDERS the Clerk of the Court to transmit the record in this matter.

DATED this 2nd day of February, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge